IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AXIS SURPLUS INSURANCE COMPANY § | | |
| § | | |
| **Plaintiff,** § | | |
| § | CIVIL ACTION NO. _____ | |
| v. § | | |
| § | | |
| HALO COMPANIES, INC., HALO ASSET § | | |
| MANAGEMENT, LLC, HALO § | | |
| PORTFOLIO ADVISORS, LLC, § | | |
| BRANDON CADE THOMPSON, PAUL § | | |
| WILLIAMS, REIF CHRON, TONY § | | |
| CHRON, HALO ASSET MANAGEMENT § | | |
| GENPAR II, LLC, AND HALO GROUP, § | | |
| INC., § | | |
| § | | |
| **Defendants.** § | | |

## ORIGINAL COMPLAINT

Plaintiff AXIS Surplus Insurance Company ("AXIS" or "Plaintiff") file this Original Complaint and respectfully shows the Court the matters set forth below:

### I.
### PARTIES

1. Plaintiff AXIS Surplus Insurance Company is an Illinois company having its principal place of business in Georgia.

2. Defendant Halo Companies, Inc. is, upon information and belief, a Delaware corporation and has its principal office in Allen, Texas.

3. Defendant Halo Asset Management, LLC is, upon information and belief, a wholly owned subsidiary of Halo Companies, Inc., and has its principal office in Allen, Texas. Its' sole member is Halo Group, Inc., a Texas corporation. It may be served through its registered agent, Halo Group, Inc., 700 Central Expressway S., Suite 500, Allen, Texas 75013.

4. Defendant Halo Portfolio Advisors, LLC is, upon information and belief, a wholly owned subsidiary of Halo Companies, LLC, has its principal office in Allen, Texas, and its sole member is Halo Group, Inc. It may be served through its registered agent, Halo Group, Inc., 700 Central Expressway S., Suite 500, Allen, Texas 75013.

5. Defendant Brandon Cade Thompson is, upon information and belief, Chairman, Chief Executive Officer, and Director of Halo Companies, Inc. and is a Texas resident. He may be served at 700 Central Expressway S., Suite 500, Allen, Texas 75013, or wherever he may be found.

6. Defendant Paul Williams is, upon information and belief, Vice Chairman, Chief Financial Officer and Director of Halo Companies, Inc. and is a Texas resident. He may be served at 700 Central Expressway S., Suite 500, Allen, Texas 75013, or wherever he may be found.

7. Defendant Reif Chron is, upon information and belief, President and General Counsel of Halo Companies, Inc. and is a Texas resident. He may be served at 700 Central Expressway S., Suite 500, Allen, Texas 75013, or wherever he may be found.

8. Defendant Tony Chron is, upon information and belief, a Director of Halo Companies, Inc. and is a Texas resident. He may be served at 700 Central Expressway S., Suite 500, Allen, Texas 75013, or his residence, 322 Hearthstone Ln., Coppell, Texas 75019, or wherever he may be found.

9. Defendant Halo Asset Management Genpar II, LLC is, upon information and belief, a Texas limited liability company and a wholly owned subsidiary of Halo Companies, Inc., has its principal office in Allen, Texas, and all of its members are Texas residents. It may

be served through its registered agent, Halo Asset Management, LLC, 700 Central Expressway S., Suite 500, Allen, Texas 75013.

10. Defendant Halo Group, Inc. is, upon information and belief, a Texas corporation and wholly owned subsidiary of Halo Companies, Inc. and has its principal office in Allen, Texas. It may be served through its registered agent, Brandon C. Thompson, 700 Central Expressway S., Suite 500, Allen, Texas 75013.

## II.
## JURISDICTION AND VENUE

11. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

12. This is an action for declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201-2202. An actual and substantial controversy exists between the parties. By this action, Plaintiff seeks a declaration related to AXIS's duty to defend and indemnify Defendants for the claims brought against them in the underlying lawsuit styled *Bruce Berg et al v. Halo Companies, Inc. et al,* Cause No. 11-15415, which is pending in the 191st Judicial District Court of Dallas County, Texas (the "Underlying Action"). A copy of Plaintiffs' Second Amended Petition filed in the Underlying Action is attached as Exhibit A.

13. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §1391(a) because the Underlying Action is pending in this District and Division.

## III.
## FACTUAL BACKGROUND

The Underlying Action

14. The Underlying Action alleges that Defendants and James G. Temme, through companies Temme owned and controlled, entered into an Assignment and Contribution

Agreement that obligated Temme to fundraise and generate funds. Generally, the Underlying Action alleges that Temme was responsible for purchasing packages of distressed residential mortgages and that Defendants were responsible for managing the purchased mortgages, which would be reconstituted into packages of performing loans.

15.     The plaintiffs in the Underlying Action allege they relied on Defendants' and Temme's representations and invested nearly $5 million from December 2010 through August 2011. The Underlying Action asserts that Defendants never purchased distressed assets with Plaintiffs' funds, and that Temme absconded with their funds. There are also allegations that Defendants misappropriated and/or commingled Plaintiffs' funds for Defendants' own use and benefit.

16.     The Underlying Action asserts claims for fraudulent inducement, negligent misrepresentation, fraud, breach of fiduciary duty, negligence, breach of contract, unjust enrichment and violation of the Texas Securities Act against Defendants. Plaintiffs also demand an accounting.

Tender to AXIS

17.     While Defendants' Directors and Officers insurance carrier is currently defending Defendants in the Underlying Action, Defendants also tendered the Underlying Action to AXIS, demanding that AXIS defend and indemnify Defendants against the claims asserted by the Plaintiffs in the Underlying Action.

18.     Because the AXIS Policy does not provide coverage for the allegations and damages alleged in the Underlying Action, Plaintiff denied the tender on November 29, 2011 and again on February 7, 2012.

The AXIS Surplus Insurance Company Policy

19. AXIS issued AXIS PRO Miscellaneous Professional Liability Policy No. ECN 000006681001 for policy period November 1, 2010 to November 1, 2011 (the "AXIS Policy"). Defendants Halo Companies, Inc. and Halo Group, Inc. are included as named insureds on the AXIS Policy.

20. The Insuring Agreement of the AXIS Policy states:

**A.    What The Company Insures**

The **Company** will pay on the **Insured's** behalf those sums in excess of the **Retention** and within the applicable **Limit of Insurance** stated in Item 5. on the Declarations Page that any **Insured**, in performing **Insured Services** for others, becomes legally obligated to pay as **Damages** or **Claim Expenses** because of **Claims** as a result of the following conduct:

1. A negligent act, error or omission;
2. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
3. Oral or written publication of material that violates a person's right to privacy;
4. False arrest, detention or imprisonment;
5. Wrongful entry into or eviction of a person from a room, dwelling or premises that the person occupies; or
6. Malicious prosecution.

21. The "Insured Services" covered by the AXIS Policy are defined as follows:

Mortgage broker services consisting of counseling, taking of applications, obtaining verifications and appraisals, loan processing and origination services in accordance with lender and investor guidelines and communicating with the borrower and lender. Debt settlement and credit services including arbitration and negotiations; real estate sales and brokerage services. Content and services via www.myhalogroup.com, www.halocreditsolutions.com, www.halodebtsolutions.com and www.morningstarmtg.net.com.

22. The Underlying Action does not allege the performance of any "Insured Services" as defined in the AXIS Policy. There are no allegations of mortgage broker services, debt settlement and credit services, real estate sales and brokerage services, or the content and

services via any of the Halo websites identified. Rather, the Underlying Action concerns the misappropriation of the underlying plaintiffs' investments.

23. In addition, there are numerous exclusions in the AXIS Policy that would independently defeat coverage for the Underlying Action if it stated a claim within the AXIS Policy's Insuring Agreement (which it doesn't). The applicable exclusions include, but are not limited to, the following:

> 2. An act or omission that a jury, court or arbitrator finds dishonest, fraudulent, criminal, malicious or was committed while knowing it was wrongful. This exclusion does not apply to any **Individual Insured** that did not commit, acquiesce or participate in the actions that gave rise to the **Claim**.
>
> \* \* \*
>
> 6. Gain, profit or advantage to which any Insured is not legally entitled.
>
> \* \* \*
>
> 9. Insolvency or bankruptcy of:
>    a. Any **Insured**; or
>    b. Any enterprise in which any **Insured** owns an interest.
>
> 11. Insolvency, conservatorship, bankruptcy, receivership, rehabilitation, liquidation or failure of any bank, banking firm, investment company, investment banker or any broker or dealer in securities or commodities, or their inability to meet all or part of any legal or financial obligation.
>
> \* \* \*
>
> 13. Services performed as a real estate agent, broker, salesperson, consultant, appraiser, attorney, insurance agent or broker, or financial management consultant.
>
> 14. The performance of services in the capacity of a mortgage banker.
>
>    For the purposes of this endorsement, the following services are considered activities of a Mortgage Banker:
>
>    a. Funding of a mortgage loan from a warehouse line of credit; or
>    b. Servicing of a mortgage loan including the collection of payments and maintenance of escrow accounts for the payment of taxes and insurance.
>
> 15. The **Insured's** failure or refusal to repurchase, refinance or replace any loan as required by an investor.

16. Advice about or selection of any investment advisor, investment manager, custodial firm or similar firm by any **Insured**.

17. Advice about, promise or guarantee of the future performance or value of investments, or rate of return or interest by any **Insured**.

18. Loss resulting from fluctuation in the value of any security.

19. Commingling of any client's funds.

20. Failure of investments to perform as expected or desired.

24. "Insureds" under the AXIS Policy are "Named Insureds" and "Individual Insureds." "Named Insureds" are listed on the Declarations Page and include their "Subsidiaries." An "Individual Insured" and "Subsidiaries" are defined in the AXIS Policy as follows:

"Individual Insured" means, individually and collectively:

1. Any **Named Insured** that is an individual person;
2. Any **Named Insured's** stockholders for their liability as stockholders;
3. Any **Named Insured's** and **Subsidiaries'** partners, officers, directors and employees, but only with respect to their activities within the scope of their duties in such capacity in the performance of **Insured Services** by the **Named Insured** or any **Subsidiary**;
4. Any **Named Insured's** and **Subsidiaries'** former partners, officers, directors and employees, but only with respect to their activities within the scope of their duties in the capacity of the **Named Insured's** partner, officer, director or employee in the performance of **Insured Services** by the **Named Insured**; ....

"**Subsidiary(ies)**" means any entity in which, and so long as, a **Named Insured**, either directly or indirectly:

1. Owns more than fifty (50) percent of the issued and outstanding voting equity securities; or
2. Controls voting rights representing the present right to vote for election or to appoint more than fifty (50) percent of the directors or trustees;

on or before the effective date of this policy, or after the effective date of this policy; provided that, with any respect to any entity that becomes a **Subsidiary** after the effective date of the policy, and the entity's gross revenues exceed 10% of **Insureds'** annual gross revenues at the Inception Date of the policy, the entity

shall only be deemed a **Subsidiary** under this policy for a period of ninety (90) days from the date it became a **Subsidiary**.

If the **Insured** gives written notice, within (90) days fo the creation or acquisition of the **Subsidiary**, including the necessary underwriting information the **Company** may require and pay any reasonable additional premium as the **Company** may require, then the **Company** will issue an endorsement including such entity in the definition of **Subsidiary** for the duration of the **Policy Period**.

In all events there is no coverage for **Wrongful Acts** by any **Subsidiary**, or employee or agent thereof, occurring prior to the time such entity became a **Subsidiary**.

Accordingly, some Defendants may not qualify as Insureds under the AXIS Policy.

## IV.
## DECLARATORY RELIEF

25. Plaintiff incorporates by reference the allegations stated above.

26. Plaintiff seeks a declaratory judgment that AXIS does not have a duty to defend Defendants for the claims in the Underlying Action based on the AXIS Policy's Insuring Agreements and/or the applicable exclusions.

27. Plaintiff seeks a declaratory judgment that AXIS does not have a duty to indemnify Defendants for the claims in the Underlying Action based on the AXIS Policy's Insuring Agreements and/or the applicable exclusions.

## V.
## JURY DEMAND

28. Plaintiff requests that this civil action be tried before a jury.

## VI.
## PRAYER

WHEREFORE, for the foregoing reasons, Plaintiff respectfully request judgment against Defendants as follows:

1. A declaration that AXIS does not have a duty to defend and indemnify the Defendants for the claims in the Underlying Action; and

2. Such other and further relief as to which Plaintiffs are justly entitled.

Dated: July ____, 2012.

Respectfully submitted,

*/s/ Greg K. Winslett*
GREG K. WINSLETT
State Bar No. 21781900
TAMMY L. CLARY
State Bar No. 24001894

**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
tclary@qslwm.com

**ATTORNEYS FOR PLAINTIFF AXIS SURPLUS INSURANCE COMPANY**

4850-3497-3456, v. 1